ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| GILBERTO ÁLVAREZ CASTRO<br><br>Parte Apelante<br><br><br>v.<br><br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION BOSCO IX OVERSEAS, LLC<br><br>Parte Apelada | TA2026AP00261 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV11759<br><br>Sala: 803<br><br>Sobre: Relevo de Sentencia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Compareció ante este Tribunal la parte apelante, el Sr. Gilberto Álvarez Castro (en adelante, el "señor Álvarez Castro" o "Apelante"), mediante recurso de apelación presentado el 11 de marzo de 2026. Nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"), el 26 de enero de 2026 y notificada al día siguiente. Dicho dictamen fue objeto de una "**Moción Solicitando Reconsideración**" presentada por el Apelante, la cual fue declarada "No Ha Lugar" mediante *Resolución Interlocutoria* de 13 de febrero de 2026.

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

**I.**

Los hechos que dan origen al presente caso se remontan al 3 de julio de 2019, fecha en la cual Franklin Credit Management Corporation (en adelante, "Franklin") y Bosco IX Overseas, LLC (en adelante, "Bosco") (en

adelante y en conjunto "los Apelados") presentaron una "**Demanda**" en contra del señor Álvarez Castro sobre cobro de dinero y ejecución de hipoteca. Luego de diversos trámites procesales impertinentes a la controversia ante nuestra consideración, el 29 de enero de 2020, el TPI dictó *Sentencia en Rebeldía* y declaró "Ha Lugar" la referida "**Demanda**".

Posteriormente, el Apelante, inconforme con dicho dictamen, presentó una "**Demanda Solicitud sobre Relevo de Sentencia al Amparo de las Reglas 49.2, 57.1 y 4.6 de las Reglas de Procedimiento Civil**". Mediante esta, sostuvo que la aludida *Sentencia* tuvo el efecto de privarle de su interés propietario, sin haberse observado las garantías del debido proceso de ley. A su vez, alegó que tanto el emplazamiento como la notificación del aviso de venta en pública subasta de la propiedad hipotecada fueron defectuosos e inadecuados. En particular, argumentó que no se le remitió copia de la "**Demanda**" ni del emplazamiento a su última dirección conocida, ni tampoco se le notificó el aviso de la venta en pública subasta. En virtud de lo anterior, solicitó al Tribunal que declarara la nulidad de la *Sentencia* emitida el 29 de enero de 2020 y, en consecuencia, que se le relevara de los efectos de la misma.

Más adelante, Franklin y Bosco presentaron una "**Moción de Desestimación**", en la cual alegaron que el Apelante no acompañó junto a la "**Demanda**" los proyectos de emplazamiento correspondientes. Señaló que no fue sino hasta el 29 de diciembre de 2023, luego de que el TPI emitiera una orden a tales efectos, que el señor Álvarez Castro presentó una "**Moción en Solicitud para que se Expidan Emplazamientos y en Cumplimiento de Orden**". Asimismo, indicaron que el diligenciamiento de los emplazamientos resultó defectuoso, ya que no se realizó conforme a lo dispuesto en la Ley General de Corporaciones, *infra*, ni conforme a las Reglas de Procedimiento Civil aplicables de manera supletoria. En particular, sostuvieron que el emplazamiento dirigido a Bosco fue diligenciado a través del Sr. José García, quien ocupa la posición de inspector de campo. Esbozaron que un inspector de campo no es una

persona que, por razón de su cargo o funciones, ostente la autoridad necesaria para representar a la corporación a estos efectos.

En cuanto a Franklin, expresaron que el emplazamiento fue diligenciado a través de la Sra. Hernández, quien, según consignado por el emplazador, ocupa la posición de asistente administrativa. Alegaron que la Sra. Hernández no es una funcionaria autorizada para recibir emplazamientos en representación de la corporación. Sostuvieron que el emplazamiento a una corporación debe realizarse a través de su agente residente o mediante su entrega a alguno de sus funcionarios autorizados; por lo que, al no ocupar la Sra. Hernández ninguna de dichas posiciones, el diligenciamiento del emplazamiento fue defectuoso y no se adquirió jurisdicción sobre su persona.

Así las cosas, el 22 de abril de 2024, el señor Álvarez Castro presentó una "**Réplica a Moción de Desestimación**" (en adelante, "Oposición") a través de la cual alegó que el 25 de enero de 2024, el señor Aguedo De La Torre entregó copia de la "**Demanda**" y del emplazamiento dirigido a Franklin en la dirección A-4, Reparto Mendoza, Humacao, Puerto Rico, a la Sra. Gina Meléndez (en adelante, señora Meléndez"), quien se identificó como la persona autorizada para recibir emplazamientos. A su vez, indicó que el 26 de enero de 2024 el mismo emplazador entregó copia de la "**Demanda**" y del emplazamiento al señor José García en la dirección 33 Bolivia, Suite 7-A, San Juan, Puerto Rico. Expuso que cuando el emplazador le mostró el emplazamiento al señor García, este indicó que lo recibiría, circunstancia que, según alegó, ya había ocurrido previamente en otro caso diligenciado por el mismo emplazador.

Asimismo, sostuvo que la señora Meléndez, de manera libre y voluntaria, manifestó ser la persona autorizada para recibir emplazamientos. Argumentó que no puede negarse que la persona que recibió el emplazamiento en Franklin notificó a sus superiores la existencia de la "**Demanda**", ya que, de lo contrario, dicha entidad nunca hubiera comparecido al presente caso.

De igual forma, alegó que el 26 de enero de 2024, el emplazador acudió a las oficinas de Bosco ubicadas en la Calle Bolivia 33, Suite 7-A, en Hato Rey, Puerto Rico. Indicó que, tras identificarse en el vestíbulo y ser dirigido a la oficina correspondiente, informó a la recepcionista que se encontraba para diligenciar un emplazamiento dirigido a Bosco. Señaló que la recepcionista indicó que el señor José García sería la persona que lo recibiría, por lo que éste acudió al área de recepción y, luego de mostrársele la "**Demanda**" y el emplazamiento, manifestó que los recibiría, procediéndose así a su entrega. En virtud de lo anterior, solicitó al Tribunal que declarara "No Ha Lugar" la "**Moción de Desestimación**".

Finalmente, el 27 de enero de 2026, el foro de instancia emitió una *Sentencia* mediante la cual declaró "Ha Lugar" la "**Moción de Desestimación**" presentada por Franklin y Bosco por insuficiencia del emplazamiento. Insatisfecho con dicho dictamen, el señor Álvarez Castro presentó una "**Moción Solicitando Reconsideración**", la cual fue declarada "No Ha Lugar" el 13 de febrero de 2026 mediante *Resolución.*

Aún inconforme con lo anteriormente resuelto, el Apelante acudió ante nos mediante el recurso de epígrafe, en el que señaló la comisión del siguiente error:

### PRIMER ERROR

ERRÓ EL HONORABLE TPI AL DESESTIMAR EL CASO DE EPÍGRAFE DECLARANDO CON LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE DEMANDA, A PESAR DE LA PRUEBA QUE TUVO ANTE SÍ, LA QUE DEMOSTRABA HABER CUMPLIDO CON LO DISPUESTO EN LAS REGLAS DE PROCEDIMIENTO CIVIL, SEGÚN ENMENDADAS Y LA JURISPRUDENCIA APLICABLE.

### SEGUNDO ERROR

ERRÓ EL HONORABLE AL DETERMINAR, ACOGIENDO LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE DEMANDADA, QUE EL EMPLAZAMIENTO REALIZADO A FRANKLIN CREDIT MANAGEMENT CORPORATION NO CUMPLIÓ CON LO ESTABLECIDO EN LAS REGLAS DE PROCEDIMIENTO CIVIL.

### TERCER ERROR

ERRÓ EL HONORABLE TPI AL DETERMINAR, ACOGIENDO LA MOCION DE DESESTIMACION PRESENTADA POR LA PARTE DEMANDADA, QUE EL EMPLAZAMIENTO REALIZADO A BOSCO IX OVERSEA,

LLC NO CUMPLIO CON LO ESTABLECIDO EN LAS REGLAS DE PROCEDIMIENTO CIVIL.

## CUARTO ERROR

ERRÓ EL HONORABLE TPI AL INDICAR QUE ATENDIO CUIDADOSAMENTE LOS ESCRITOS PRESENTADOS, ASI COMO LA TOTALIDAD DEL EXPEDIENTE PARA DESESTIMAR EL PRESENTE CASO, AL RECHAZAR EVALUAR EL PROCESO SEGUIDO PARA EMPLAZAR A FRANKLIN CREDIT MANAGEMENT CORPORATION.

## QUINTO ERROR

ERRÓ EL HONORABLE TPI AL INDICAR QUE ATENDIO CUIDADOSAMENTE LOS ESCRITOS PRESENTADOS, ASI COMO LA TOTALIDAD DEL EXPEDIENTE PARA DESESTIMAR EL PRESENTE CASO, AL RECHAZAR EVALUAR EL PROCESO SEGUIDO PARA EMPLAZAR A BOSCO IX OVERSEA, LLC.

El 31 de marzo de 2026, Franklin y Bosco presentaron su "**Alegato en Oposición**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio; y (6) la falta de una parte indispensable. Comisión v. González Freyre et al, 211 DPR 579 (2023).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, es una defensa que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. Aut. Tierras v. Moreno & Ruiz Dey. Corp., 174 DPR 409, 428 (2008); Colón v. Lotería, 167 DPR 625, 649 (2006). En general, la Regla 10.2 de Procedimiento Civil, *supra*, recoge defensas

que pueden plantearse, a opción del demandado, en una moción de desestimación antes de contestar o en la misma contestación a la demanda. Casillas Carrasquillo v. ELA, 209 DPR 240, 247 (2022).

**B.**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 22 (1993); Pagán v. Rivera Burgos, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. Martajeva v. Ferré Morris y otros, 2022, 210 DPR 612 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. Torres Zayas v. Montano Gómez *et al.*, 199 DPR 458, 468 (2017), Quiñones Román v. Cía. ABC, 152 DPR 367, 374 (2000). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". First Bank of P.R. v. Inmob. Nac., Inc., 144 DPR 901, 916 (1998).

En relación con el emplazamiento personal, la Regla 4.4 de Procedimiento Civil, establece que su diligenciamiento variará según la naturaleza de la persona a quien deba efectuarse, ya sea esta natural o jurídica. 32 LPRA Ap. V, R. 4.4; R. Hernández Colón, Derecho procesal civil, 6ta ed., San Juan, LexisNexis, 2017, pág. 262. En el caso particular de una

corporación, el inciso (e) de la mencionada regla establece que el emplazamiento se diligenciará mediante la entrega de copia del mismo y de la demanda a un oficial, gerente administrativo, agente general o a cualquier otro agente autorizado por nombramiento o designado por ley para recibirlo.32 LPRA Ap. V, R. 4.4.

Si bien, como norma general, un tribunal adquiere jurisdicción sobre una corporación conforme a la Regla 4.4(e) de Procedimiento Civil, *supra*, la Asamblea Legislativa ha establecido un mecanismo alterno para lograrlo, cuya normativa especial prevalece sobre dicha regla procesal. <u>SLG Rivera-Torres- Pérez v. SLG Díaz-Doe *et* al</u>, 207 DPR, 636, 648-649 (2021). A esos efectos, el Artículo 12.01 de la Ley Núm. 164, según enmendada, mejor conocida como la "Ley General de Corporaciones", provee las siguientes alternativas:

A. Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento **a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado**. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

 B. Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (A) de este Artículo, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado. 14 LPRA sec. 3781 (énfasis suplido).

El referido Artículo permite varias maneras para emplazar a una corporación. "La primera posibilidad es mediante la entrega del

emplazamiento a la persona identificada como agente residente en el certificado de incorporación". C.E. Díaz Olivo, <u>Corporaciones: Tratado sobre derecho corporativo</u>, 2ª ed. rev., Ed. Almaforte, 2022, pág. 457. Asimismo, la Ley de Corporaciones permite que, además del agente residente, el emplazador pueda entregar copia del emplazamiento y de la demanda a un director u oficial de la corporación. "Por tanto, esta alternativa aplica al escenario donde el emplazador hace una entrega física, a la mano o en presencia de la persona natural designada a una de las tres (3) posiciones antes mencionadas". <u>Rivera Torres v. Díaz López</u>, 207 DPR 636, 651 (2021).

Sin embargo, esta no es la única opción que nuestro ordenamiento jurídico permite para diligenciar efectivamente un emplazamiento dirigido a una corporación. Nuestro Tribunal Supremo ha resuelto que:

> [L]a segunda alternativa flexibiliza el diligenciamiento y permite dejar el emplazamiento junto a la demanda en, al menos, tres (3) lugares, a saber: el domicilio o la residencia habitual de alguna de las personas mencionadas en la primera alternativa, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. <u>Íd</u>.

Según el profesor Díaz Olivo si "el emplazamiento se diligencia de esta manera, el mismo deberá dejarse en presencia de un adulto por lo menos seis días antes de la fecha del señalamiento del proceso judicial correspondiente". Díaz Olivo, *op cit.*, pág. 458. Ahora bien, cuando se utiliza esta última alternativa, no es suficiente que el emplazador deje el emplazamiento en manos de cualquier empleado que esté dentro de los predios de la corporación. Este "método de notificación debe ofrecerle una probabilidad razonable de informarle a la entidad que se ha presentado una acción en su contra". <u>Íd</u>. "La persona que recibe el emplazamiento **debe ser una persona que por su posición en la entidad puede presumirse razonablemente que transmitirá a sus superiores el emplazamiento y la demanda**". <u>Íd</u>. (énfasis nuestro).

Para ello, es imprescindible que se conozcan "los deberes, funciones y autoridad de la persona y no a su título". <u>Hach Co. v. Pure Water Systems, Inc.</u>, 114 DPR 58, 63 (1983). "Es decir, lo verdaderamente importante es la

relación entre la persona adulta ante quien se deja el emplazamiento y la corporación." <u>Rivera Torres v. Díaz López</u>, supra, pág. 652.

> [P]ara que la notificación hecha a la corporación sea válida y suficiente, se requiere que el emplazamiento se realice a través de personas que, por su posición o funciones, ostenten cierto grado de autoridad o capacidad para representar a la corporación. *Esto es, el denominador común en relación con las personas designadas para recibir los emplazamientos lo es el elemento de representatividad.* <u>Lucero v. San Juan Star</u>, 159 DPR 494, 512 (2003) (énfasis en la original)*.*

**III.**

En el presente caso, el Apelante nos solicitó la revocación de la *Sentencia* emitida por el TPI mediante la cual se declaró "Ha Lugar" la "**Moción de Desestimación**" presentada por los Apelados.

Los señalamientos de error esgrimidos se encuentran íntimamente relacionados, por lo que se discutirán de forma conjunta en la presente discusión. En síntesis, el Apelante sostiene que el TPI incidió al desestimar la acción, pues, según afirma, del expediente surge que cumplió con lo dispuesto en las Reglas de Procedimiento Civil y la jurisprudencia aplicable al diligenciar los emplazamientos dirigidos a las corporaciones en cuestión.

Del expediente ante nuestra consideración se desprende que el 3 de julio de 2019, Franklin y Bosco presentaron una "**Demanda**" en contra del señor Álvarez Castro sobre cobro de dinero y ejecución de hipoteca. Tras múltiples trámites procesales que resultan impertinentes a la controversia ante nos, el 29 de enero de 2020, el TPI dictó *Sentencia en Rebeldía* y declaró "Ha Lugar" la referida "**Demanda**". Inconforme con dicho dictamen, el Apelante presentó una "**Demanda Solicitud sobre Relevo de Sentencia al Amparo de las Reglas 49.2, 57.1 y 4.6 de las Reglas de Procedimiento Civil**", mediante la cual alegó, en esencia, que la *Sentencia* fue dictada en contravención a las garantías del debido proceso de ley.

Posteriormente, los Apelados presentaron una "**Moción de Desestimación**", mediante la cual alegaron que el diligenciamiento del emplazamiento en el presente caso fue defectuoso y que, en consecuencia, el tribunal carecía de jurisdicción sobre sus personas. En síntesis, sostuvieron que las personas a quienes se les entregaron los

emplazamientos no ostentaban autoridad para recibirlos en representación de las corporaciones.

Tras examinar los planteamientos de las partes, el foro primario determinó que el diligenciamiento del emplazamiento no cumplió con las formalidades requeridas por nuestro ordenamiento jurídico. En particular, concluyó que el emplazamiento dirigido a Franklin identificaba erróneamente al agente residente de la corporación, mientras que el emplazamiento dirigido a Bosco fue diligenciado a través de una persona que previamente se había advertido no estaba autorizada para recibirlo. A base de ello, declaró "Ha Lugar" la "**Moción de Desestimación**" presentada por los Apelados.

Tras un análisis detenido y comprensivo del expediente ante nuestra consideración, incluyendo la "**Demanda**", la *Solicitud de Desestimación*, su *Réplica* y los alegatos presentados ante este Tribunal, hemos arribado a la conclusión de que el TPI erró al desestimar el pleito sin antes celebrar una vista evidenciaria al respecto. Nos explicamos.

Conforme lo reflejan los autos, el TPI adjudicó la controversia a base de alegaciones de ambas partes, sin que se presentara evidencia alguna sobre el grado de autoridad o capacidad para representar a ambas entidades corporativas. En el caso específico de Franklin, el foro de instancia concluyó que, debido a que se identificó erróneamente al agente residente de dicha persona jurídica, era razón suficiente para disponer del caso, sin hacer una determinación sobre la señora Ana Morales tenía o no capacidad suficiente para aceptar el emplazamiento. En cuanto a Bosco, el TPI coligió que el Apelante conocía o debía conocer que el señor José García no podía recibir el emplazamiento, pues en el caso núm. SJ2023CV07246 ya Bosco así lo había **advertido**.

Nótese, pues, que la determinación relacionada con Franklin se dio al margen de nuestro estado de derecho, toda vez que se permite que una corporación sea emplazada de distintas maneras alternativas. Si bien es cierto que, conforme el Registro de Corporaciones del Departamento de Estado, se desprende que el agente residente de Franklin es Corporation

Service Company Puerto Rico Inc., lo cierto es que nuestro ordenamiento jurídico permite que se diligencie un emplazamiento por vía de un oficial o director en su domicilio o su residencia habitual o en la oficina designada u otra sede de negocios de la corporación en Puerto Rico.

Claro está, si se utiliza esta última alternativa, la parte promovente de la acción tiene que probar **que la persona a través de quien se diligenció el emplazamiento ostenta una posición en la entidad de la cual se pueda presumir razonablemente que transmitirá a sus superiores el emplazamiento y la demanda**. Por tanto, a pesar de que se identificó al agente residente de Franklin erróneamente, la realidad de nuestro sistema de derecho es que cuando se evalúa la suficiencia del diligenciamiento de un emplazamiento en un caso particular, los tribunales debemos auscultar la premisa básica de que el demandado haya quedado razonablemente notificado de que se ha incoado un pleito en su contra y las bases del mismo. Así pues, correspondía que, ante dicha realidad, se determinara si la señora Morales tenía o no la capacidad para notificar a sus superiores sobre la existencia del pleito presentado en contra de Franklin.

De otra parte, en el caso de Bosco, el TPI determinó que el Apelante conocía o debía conocer que el señor García no tenía la capacidad para recibir el emplazamiento a nombre de éste, pues en un pleito anterior así se alegó. Es menester destacar que dicho caso fue desistido, <u>sin que se hubiera adjudicado la capacidad de este último para ello</u>, por lo que lo que existía a ese momento –al igual que hoy– una simple alegación relacionada con su presunta incapacidad para recibir el emplazamiento. Ello, a nuestro juicio, es insuficiente para arribar a una conclusión como a la que llegó el foro *a quo* al emitir la *Sentencia* apelada. Se tenía que determinar, como paso previo a la desestimación, si el emplazamiento dirigido a Bosco podía ser diligenciado por conducto del señor García, basado en si tiene **una posición en la entidad de la cual se pueda presumir razonablemente que transmitirá a sus superiores el emplazamiento y la demanda**.

En otras palabras, el expediente está huérfano de prueba alguna tendente a establecer si, por sus posiciones en las entidades demandadas,

puede presumirse razonablemente que, tanto la señora Morales como el señor García, podían transmitir a sus superiores el emplazamiento y la "**Demanda**". Frente a estos planteamientos, el curso procesal adecuado debió ser la celebración de una vista evidenciaria para dilucidar si la señora Morales y el señor García, en efecto, ostentaban una posición corporativa con autoridad para recibir emplazamientos a nombre de Franklin y Bosco, respectivamente.

Es decir, el foro *a quo* no podía adjudicar la validez del diligenciamiento de los emplazamientos sin antes determinar si éstos tenían autoridad en ley para recibirlo y entenderse que notificaron a sus superiores sobre la presentación del pleito. Resolver en sentido contrario, implicaría pasar por alto un asunto medular de debido proceso de ley y resolver una cuestión que requiere la presentación de prueba.

En suma, concluimos que el TPI erró al declarar "Ha Lugar" la "**Moción de Desestimación**" interpuesta, sin previamente celebrar una vista evidenciaria que permitiera escuchar la prueba y recibir la evidencia necesaria para confirmar o descartar la corrección del diligenciamiento de los emplazamientos objeto de la presente controversia, garantizando así el debido proceso de ley de las partes.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *revoca* la *Sentencia* apelada.

Se devuelve el caso al foro de origen para que se celebre una vista evidenciaria en la que se dirima si la señora Morales y el señor García tenían autoridad en ley para recibir los emplazamientos expedidos a nombre de Franklin y Bosco o no, respectivamente, y la luz de la prueba que se presente, adjudicar la procedencia o no de la desestimación de la acción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones